# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re:

Linda Darlene Wolf
_____/
    Debtor(s)

Case No.
Chapter 13 Plan

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $175 each month.

   Initial attorneys fees are requested in the amount of $3,600.      ☐ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. Sec. 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
|------|---------------------|-----------------------------------|---------------------------------------------|------------------------------|
|      |                     |                                   |                                             |                              |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. Sec. 507.
   (d) On allowed general unsecured claims as follows:
   X at a rate of _zero_ cents on the dollar. The estimated term of the plan is _21_ months. (Percentage Plan)
   __ the sum of $_____ payable over _____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in paragraph 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

| Name | Monthly Payment | Name | Monthly Payment |
|------|-----------------|------|-----------------|
|      |                 |      |                 |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   __ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   X revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose, pursuant to 11 U.S.C. Sec. 1322(b): The protections of 11 U.S.C. § 362 shall continue to apply to property of the Debtor(s) as well as property of the estate during the pendency of this case. See attachment.

Dated: 8/21/2009                          *Linda Darlene Wolf* (signature)
Rev. 12/06                                Debtor, Linda Darlene Wolf

In re: Wolf, Linda Darlene

ATTACHMENT TO CHAPTER 13 PLAN – Paragraph 7. Other provisions:

Re: Address of Real Property: __1956-58 Harris Ave, San Jose CA 95124__   Fair Market Value:
    First Mortgage Lender: __America's Servicing Co. – Wells Fargo__   $ __525,000__
    Second Mortgage Lender: __None__
    Third Mortgage Lender: __None__

1. Debtor(s) declare under penalty of perjury that: Debtor(s) reside at the above address which consists of a one-to-four unit dwelling; Debtor(s) believe the unpaid principal on the first mortgage does not exceed $729,750 or other applicable HAMP limit; said first mortgage was not previously modified under HAMP and was originated before January 1, 2009; there has been a material change in the Debtor(s) finances since the granting of the first mortgage; the Debtor(s) do not have sufficient liquid assets to pay the mortgage; Debtor(s) are delinquent on payments on the first mortgage or is "at risk of imminent default"; and Debtor(s)' current loan payment (plus property expenses) exceeds 31% of Debtor(s)' gross income.

2. Satisfying the above requirements, Debtor(s) qualify for loan modification consideration pursuant to the HOME AFFORDABLE MODIFICATION PROGRAM ("HAMP") as implemented by the Obama Administration Treasury Department on March 4, 2009, with rules and procedures set forth on makinghomeaffordable.gov, as subsequently amended.

3. Being eligible for a HAMP modification, Debtor(s) hereby request the above listed first mortgage lender to offer a loan modification under the terms of the HAMP modification program which provides for monthly loan payments (plus) in the amount of 31% of Debtor's gross income: (31% of $__3,879__) equals $__1,202__ per month minus ($__623__ real property taxes and $__68__ real property insurance and $__0__ association dues), which equals $__511__ (hereafter "reduced loan payment") at __2.0__ %. After 5 yrs of those payments, the reduced loan payment and annual interest rate will increase to __3.0__ % and $__595__ for 1 yr; then __4.0__ % and $__680__ for 1 yr; then to appx 5% (the current Freddie Mac Survey Rate) and $__772__ for the remainder of the loan. Debtor(s) request the first mortgage lender to notify Debtor(s) and Debtor(s)' bankruptcy counsel of the address to which the Debtor(s) shall provide the documentation necessary for the lender to analyze the Debtor(s)' financial situation and propose a HAMP modification. Debtor shall obtain U.S. Bankruptcy Court approval of any loan modification agreed to by the lender and Debtor in the same manner as a post-petition refinancing would be approved.

4. While said HAMP modification is under consideration, Debtor shall pay to the first mortgage lender the reduced loan payment beginning in __October__ 2009. No arrears on said first mortgage, if any are owed, shall be paid through this plan. If Debtor is proposing a modification for junior mortgages, those respective reduced loan payments shall begin in the same month as the reduced loan payment for the first mortgage and no arrears regarding those loans shall be paid pursuant to this plan. In the event that the requested loan modifications are not agreed by the lender(s) and the Debtor(s), the Debtor(s) shall amend or modify this plan to otherwise provide for said claims as secured within 90 days of the final rejection(s).

5. Based upon the above valuation, with regard to the junior mortgage lenders:
    a. the second mortgage lender is: **not applicable**
       ___ wholly unsecured and the rights of the holder of said unsecured claim (said lender or its successor, agent, or assign) shall be modified to void its lien encumbering Debtor(s)' said real property. Debtor(s) shall file a motion avoiding said lien within 90 days of confirmation of this plan. If the motion is denied, Debtor(s) shall modify this plan within 90 days thereof to provide for this claim as secured. The Trustee shall disburse no money to said lender. Debtor(s) shall make no further payments on said loan.
       ___ not wholly unsecured and Debtor hereby requests the above listed second mortgage lender to offer a loan modification under the terms of the HAMP modification program (as announced April 28, 2009), as follows. Since the loan is [not] amortized, the annual interest rate shall be reduced to [one / two] percent and reduced loan payments of $_____. After 5 yrs of payments, the reduced loan payment and annual interest rate will increase to _____% and $_____ for 1 yr; then _____% and $_____ for 1 yr; then to appx 5% (the applicable [current] Freddie Mac Survey Rate) and $_____ for the remaining term of the loan. The amortization and term of the modified loan shall be the same as for the first mortgage.
       ___ not wholly unsecured and the Debtor shall continue paying the regular monthly mortgage payments in the amount of $_____. Pre-petition arrears secured by the value shown above, in the approximate amount of $_____, shall be cured by this plan, bear no interest, and be disbursed by the Trustee with $10 adequate protection payments.
    b. there are [no] additional junior mortgages and there is [no] page 2 of this attachment.

Dated: __8/20/2009__

_____   _Linda Darlene Wolf_
Debtor,                            Debtor, LINDA DARLENE WOLF

Case: 09-57002   Doc# 4   Filed: 08/21/09   Entered: 08/21/09 18:10:28   Page 2 of 2